162 So. 43

## STATE v. EDISON.

### In re STATE ex rel. GROSJEAN.

No. 33418.

May 27, 1935.

J. C. Daspit, of Baton Rouge, and Robert J. O'Neal, of Shreveport, for relatrix.

Wm. C. Pegues, of Mansfield, for respondent.

BRUNOT, Justice.

The relator filed a petition in the Eleventh judicial district court in which she prayed for a judgment ordering the forfeiture of a certain Chevrolet truck, which was seized while allegedly engaged in transporting gasoline into the state of Louisiana without having secured a permit therefor, and without paying the state tax thereon, or furnishing bond guaranteeing the payment of said tax.

In accordance with the prayer of the petition, a rule was issued, directed to the defendant or owner of the truck, to show cause why judgment of forfeiture should not be rendered as prayed for. The rule was tried and the demands of the plaintiff were rejected. From this judgment the plaintiff perfected a suspensive appeal, which appeal is now pending in this court. After the judgment on the rule was rendered, the judge permitted the defendant to bond the truck. Inasmuch as a judgment decreeing the forfeiture of the truck is prayed for, and a suspensive appeal from the judgment on the rule had been perfected, relator contends that the trial judge erred in permitting the release of the truck on bond, and, for that reason, the application to this court for writs of certiorari, prohibition, and mandamus were filed. A writ of certiorari, coupled with a stay order, was issued, and, in response to the writ, the record has been sent up and the matter has been submitted for our consideration. The judge's return is brief. The pertinent part of it is contained in two paragraphs. They are as follows:

"First. The facts as set forth by the relator are correct and admitted by your respondent.

"Second. The question at issue in this case has not been passed upon by this Honorable Court to my knowledge and is therefore a new question. As stated by me on April 12th, 1935, when the application was made to release the truck without bond it appears that where the law made no mention of bond and after a hearing on the rule and the demands of the plaintiff in rule were rejected that where the law did not prohibit, it permits, and the defendant Edison should be permitted to bond his truck as a matter of equity."

Section 7-A of Act No. 16, of 1932, p. 113, provides that any conveyance, except a common carrier, that is caught violating the act "may be seized by the Supervisor of Public Accounts in order to secure the same as evidence in a trial" etc. Other sections of the act provide for the forfeiture and sale of the conveyance. Forfeiture is a word of well-established meaning. It is an actual passing of both title to and possession of the thing forfeited. Its legal meaning is to lose. Some of the definitions given in Corpus Juris vol. 26, p. 892, are the following:

"To lose and surrender to an individual or the state * * * for misconduct, or breach of duty; to do away or lose, * * * by misdeed or transgression; to divest or to suffer divestiture of the property without compensation in consequence of a default or offense."

When a person is charged with an offense which divests him of a property right, and the statute which authorizes the divestiture also provides, as Act No. 16 of 1932 does, that the property itself shall be held as evidence until the case is disposed of, it leaves no doubt in our minds that such property cannot be released to the owner, even on bond, until the case is finally disposed of.

For these reasons, the writ issued herein and the writs of prohibition and mandamus applied for are made peremptory, as prayed for in relator's application.